J-A22013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CHRISTOPHER J. STUHL | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| VIVIAN W. STUHL | |
| Appellant | No. 1906 MDA 2013 |

Appeal from the Order Entered September 24, 2013
In the Court of Common Pleas of Berks County
Civil Division at No(s): 13-21562

BEFORE:  PANELLA, J., SHOGAN, J., and FITZGERALD, J.[*]

JUDGMENT ORDER BY PANELLA, J.          **FILED MARCH 17, 2015**

Appellant, Vivian W. Stuhl ("Wife"), appeals *pro se* from the order granting Appellee, Christopher J. Stuhl's ("Husband"), request for relief pursuant to the Protection From Abuse Act ("PFA").  After careful review, we affirm.

As we write primarily for the parties, we set forth only so much of the factual and procedural history as is necessary for our discussion.  Husband filed for a temporary PFA order on September 9, 2013, alleging that Wife had punched, slapped, and choked him the previous evening.  Furthermore, Husband alleged that Wife had threatened to stab him to death.  After two

---

[*] Former Justice specially assigned to the Superior Court.

continuances, Wife filed a counter-petition for PFA relief against Husband, and Husband filed an additional petition seeking a PFA order on behalf of the parties' children against Wife.

The PFA court held a hearing for a final PFA order on September 24, 2013. Both parties were represented by counsel at the hearing. At the conclusion of the hearing, the PFA court granted Husband a final PFA order against Wife, but denied the petitions filed on behalf of the parties' children, as well as Wife's petition seeking a PFA order against Husband. Wife filed this timely appeal *pro se*.

On appeal, Wife contends that the PFA court erred in excluding the testimony of witnesses that she had desired to call. **See** Appellant's Brief, at 2. The PFA court notes that a review of the transcript does not reveal that Wife ever requested the opportunity to present the testimony of anyone other than herself. After an independent review of the transcript, we conclude that the PFA court is correct. At the close of the cross-examination of Wife, the transcript reads as follows.

[Husband's counsel:]   That's all I have your Honor.

[Wife's counsel:]       Nothing further.

THE COURT:              Let me see counsel in the retiring room.

(Whereupon, the Judge and counsel left for the retiring room for an off-the-record discussion.)

(Whereupon, the proceedings were concluded.)

N.T., PFA Hearing, 9/24/13, at 58. A review of the rest of the transcript does not reveal any request by Wife to present the testimony of any other witness. Since the PFA court does not indicate that it made any such ruling, and the record does not reveal any instance where the PFA court denied a request to call another witness, we conclude that Wife's sole issue on appeal is meritless. *See* Pa.R.A.P., Rule 302(a).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/17/2015